UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER S., | |
| Plaintiff, | Case No. C24-5431-MLP |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## I. INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") misevaluated the medical opinion evidence and his testimony. (Dkt. # 7.) The Commissioner filed a response arguing that the ALJ's decision is free of legal error, supported by substantial evidence, and should be affirmed (dkt. # 10), and Plaintiff filed a reply. (Dkt. # 13.) Having considered the ALJ's decision, the administrative record ("AR"), and the parties' briefs, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.[1]

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 3.)

ORDER - 1

## II.  BACKGROUND

Plaintiff was born in 1988, has at least a high school education, and previously worked as a sous chef, line cook, and head chef. AR at 30. Plaintiff was last gainfully employed in March 2021. *Id.* at 20.

In June 2021, Plaintiff applied for benefits, alleging disability as of March 2021. AR at 18. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* After the ALJ conducted a hearing in August 2023, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 18-32.

Using the five-step disability evaluation process,[2] the ALJ found, in pertinent part, Plaintiff has the following severe impairments: lumbar degenerative disc disease; right sacroiliac joint arthritis; bilateral hand osteoarthritis; gastroparesis; anxiety, major depressive disorder; post-traumatic stress disorder. AR at 20. Further, Plaintiff has the residual functional capacity ("RFC") to perform light work except he can occasionally climb ramps or stairs but never ladders, ropes, or scaffolds; can occasionally stoop, kneel, crouch, or crawl; can frequently handle and finger bilaterally; must avoid frequent exposure to vibration; and is limited to detailed, but not complex, instructions with only occasional interaction with the public. *Id.* at 24.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-7. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 1.)

## III.  LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may overturn the Commissioner's denial of social security benefits if the ALJ's decision rests on legal error or is not supported by substantial

---

[2] 20 C.F.R. §§ 404.1520, 416.920.

ORDER - 2

evidence. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up). In applying this standard, the Court must consider the record as a whole to determine whether it contains sufficient evidence to support the ALJ's findings. *Id.*

Although the Court evaluates the record as a whole, it is not permitted to reweigh the evidence or substitute its judgment for that of the ALJ. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). The ALJ is tasked with evaluating testimony, resolving conflicts in the medical evidence, and addressing ambiguities in the record. *Smartt*, 53 F.4th at 494-95. Where the evidence can be interpreted in more than one rational way, the ALJ's interpretation must be upheld. *Id.* Even if the ALJ erred, reversal is not warranted unless the error affected the outcome of the disability determination. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The party challenging the ALJ's decision bears the burden of demonstrating harmful error. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## IV.   DISCUSSION

### A.   The ALJ Did Not Err in Evaluating Severe Impairments at Step Two

Plaintiff argues that the ALJ misevaluated his severe impairments at step two of the sequential disability determination. (Dkt. # 7 at 3-6.) At step two, the ALJ must evaluate the combined effect of all impairments on the claimant's ability to function, regardless of whether each impairment, individually, is severe. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). An impairment is severe if it significantly limits a claimant's ability to perform basic work activities for at least twelve months. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii). Because step

1    two serves as a minimal screening device to eliminate baseless claims, the threshold for severity
2    is low. *Toledo v. Comm'r of Soc. Sec.*, 2024 WL 3029251, at *3 (E.D. Cal. June 17, 2024).
3            Plaintiff contends that the ALJ erred by not finding his impairments severe based on his
4    diagnoses, symptom reports, and lack of success with medication. (Dkt. #7 at 4.) Although
5    Plaintiff claims his providers confirmed his diagnoses and provided treatment, these elements
6    alone do not meet the regulatory standard of significant limitations persisting for at least twelve
7    months. *See* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii). Additionally, Plaintiff's complaints "of
8    pain exhibiting tenderness fatigue, weakness, insomnia, and limited range of motion for more
9    than three months" are insufficient to establish significant, lasting limitations. (Dkt. # 7 at 4.)
10           In challenging the ALJ's step two determination, Plaintiff points to two records that he
11   claims the ALJ misinterpreted. (Dkt. # 7 at 4 (citing AR at 2237, 2251).) The ALJ considered a
12   note from an appointment where Plaintiff presented with "ongoing widespread joint and back
13   pain" but the physician's notes indicated the clinical findings were "not classically associated
14   with inflammatory joints." *Id.* at 21 (citing *id.* at 2237). The ALJ also reviewed a treatment note
15   reflecting generally normal range of motion and neurological findings and advising sleep and
16   exercise for symptom management. *Id.* (citing *id.* at 2251). While these records describe long
17   term symptom management, they neither describe the twelve-month significant limitations
18   required by regulation nor the frequency or intensity of Plaintiff's symptoms. Given the lack of
19   evidence supporting Plaintiff's complaints, the ALJ reasonably concluded that Plaintiff's
20   fibromyalgia, sacroiliac disorder, and ankylosing spondylitis were not severe impairments. *See*
21   42 U.S.C. § 423(d)(5) ("An individual shall not be considered to be under a disability unless he
22   furnishes such medical and other evidence of the existence thereof as the Commissioner of
23   Social Security may require").

ORDER - 4

Additionally, because the ALJ accounted for Plaintiff's fibromyalgia and chronic joint pain at later stages of the sequential evaluation, any potential error at step two was harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Here, the ALJ thoroughly evaluated Plaintiff's reported limitations, considering both subjective complaints and objective findings. AR at 26-27. Specifically, the ALJ acknowledged Plaintiff's reported joint and back pain, use of a cane, and reports of some pain relief through acupuncture. *Id.* (citing *id.* at 1610, 1641). Objective findings, however, indicated no signs of acute distress, with physical exams documenting normal range of motion, normal muscle tone, strong pulses, and no neurological deficits. *Id.* (citing *id.* at 1612, 1649). Imaging from April 2022 showed osteoarthritis in Plaintiff's right sacroiliac joint and mild to moderate disc height loss at L5/S1, while imaging of Plaintiff's wrists and hands was unremarkable. *Id.* (citing *id.* at 1944-46).

By August 2022, physical exams noted no back tenderness, joint redness, or issues with ambulation. AR at 26-27 (citing *id.* at 2065, 2166). Although Plaintiff reported reduced strength and difficulty with tasks like picking up objects, subsequent treatment records pointed to improvements in his condition. *Id.* A rheumatology assessment did not reveal specific joint deformities in Plaintiff's hands, suggesting that his symptoms were more likely related to chronic pain syndrome, possibly fibromyalgia, rather than ankylosing spondylitis. *Id.* (citing *id.* at 2251, 2258, 2264). The ALJ also noted Plaintiff's progress in physical therapy, where he reported increased energy following sessions, despite fatigue and soreness. *Id.* (citing *id.* at 2043, 2226).

Furthermore, the ALJ found Plaintiff's impairments consistent with limitations to light exertion, with specific postural and environmental restrictions based on objective findings, including imaging, normal range of motion in several joints, and generally unremarkable findings in his hands and wrists. AR at 26-27 (citing *id.* at 1605, 1945-46, 2166, 2236-37).

ORDER - 5

Though Plaintiff reported substantial pain and difficulty gripping, the ALJ reasonably concluded that his daily activities, such as video gaming, meal preparation, and occasional yard work, contradicted his claims of severely limited functional ability. *Id.* (citing *id.* at 491-502, 866, 1997). Similarly, the ALJ considered Plaintiff's need for an assistive device and concluded that, while some findings indicated irregular gait and abnormal sensation, subsequent evaluations showed normal gait and station, and imaging did not support the need for a cane or walker. *Id.* (citing *id.* at 2236, 2250).

Finally, Plaintiff asserts that the ALJ improperly cited normal findings while overlooking abnormal evidence of disability. However, the ALJ did not rely on the two medical records Plaintiff identifies. (Dkt. #7 at 5 (citing AR at 1602, 1609).) Merely stating that abnormal exam findings exist that support additional severe impairments is insufficient to meet appellate review requirements. *See Putz v. Kijakazi*, 2022 WL 6943095 (9th Cir. Oct. 12, 2022) (citing *Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007)). The Court will not "manufacture arguments where none is presented." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003). The evidence was sufficient for the ALJ to make an informed decision, and Plaintiff has failed to show limitations lasting at least twelve months. Therefore, the Court finds no error in the ALJ's step two determination.

      **B.**     **The ALJ Did Not Err in Evaluating Listed Impairments at Step Three**

At step three, the ALJ considers whether a claimant's impairments, alone or in combination, meet or equal the criteria for a listed impairment in 20 C.F.R. Part 404, Subpart P, App. 1. If so, the claimant is disabled, and benefits must be awarded.

Plaintiff contends that his impairments meet or equal Listing 14.09D for inflammatory arthritis. (Dkt. # 7 at 6.) To meet this listing, a claimant must show repeated manifestations of

ORDER - 6

inflammatory arthritis, with at least two constitutional symptoms or signs (such as severe fatigue, fever, malaise, or involuntary weight loss) and marked limitations in one of the following areas: (1) activities of daily living; (2) maintaining social functioning; or (3) completing tasks in a timely manner due to deficiencies in concentration, persistence, and pace. *See* 20 C.F.R. Pt. 404, Subpart P, App. 1, § 14.09(6)(d).

Here, the ALJ found the evidence did not support an impairment meeting or equaling a listing. AR at 22. The ALJ also determined that Plaintiff had only mild limitations in activities of daily living, moderate limitations in social functioning, and moderate limitations in concentration, persistence, and pace. *Id.* at 23.

Plaintiff argues that his abnormal exam findings and objective evidence of pain, weakness, unexplained weight loss, and fatigue demonstrate that he meets the listing criteria. (Dkt. # 7 at 6.) However, this generalized assertion lacks the specificity required to establish disability at step three. *See Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999). The only specific evidence Plaintiff cites is a partial report from a metabolic panel, showing mostly normal findings. (Dkt. # 7 at 6 (citing AR at 1987).) Moreover, Plaintiff fails to provide any argument or evidence that his limitations rise to the "marked" level required by Listing 14.09D. As a result, the ALJ did not err in finding that Plaintiff did not meet a listed impairment.

C.   **The ALJ Did Not Err in Evaluating Medical Evidence**

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). These findings must be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

          1.     *Lich Pham, Ph.D.*

In August 2023, Dr. Pham completed an evaluation stating that Plaintiff could only walk one block without rest or severe pain, sit for less than two hours a day, and stand for fifteen minutes at a time. Dr. Pham noted that Plaintiff required a job that allowed shifting positions at will, could rarely lift ten pounds or less, and was unable to perform any tasks involving handling or reaching. Dr. Pham also opined that Plaintiff would likely be off task for 25% or more of a typical workday and miss over four days of work per month. AR at 2206-08.

The ALJ found Dr. Pham's opinion unpersuasive for three key reasons. First, the opinion was not supported by Dr. Pham's own exam findings, which showed normal muscle tone, strength, gait, no neurological abnormalities, and full extremity movement. AR at 29 (citing *id.* at 875, 905, 2216). Second, the opinion was inconsistent with other medical evidence showing normal range of motion, no back tenderness, and no joint redness or swelling. *Id.* (citing *id.* at 1605, 1612, 1649, 2065, 2166, 2216). Finally, the ALJ noted that imaging of Plaintiff's knees, wrists, and hands showed unremarkable results, further undermining Dr. Pham's assessment. *Id.* at 30 (citing *id.* at 1945-46, 2236, 2250, 2282).

Plaintiff contends that the ALJ erred by discounting Dr. Pham's opinion, arguing that Dr. Pham's longitudinal treatment relationship placed him in the best position to evaluate Plaintiff's condition. (Dkt. # 7 at 8.) However, the applicable regulations do not require the ALJ to give more weight to a treating physician's opinion. Instead, the ALJ is required to evaluate all medical opinions for their support and consistency, which the ALJ did appropriately. Plaintiff has not demonstrated any deficiencies in the ALJ's approach.

Plaintiff also challenges the ALJ's reliance on a February 2022 treatment note, arguing that the ALJ cited this record out of context. (Dkt. # 7 at 8.) However, the treatment note in

question showed that Plaintiff was not in acute distress, had normal range of motion, and was most likely experiencing mild pancreatitis. AR at 1605. The other records cited by the ALJ also show unremarkable findings and limited clinical signs, supporting the ALJ's conclusions. *Id.* at 1612, 1649, 2065, 2166, 2216. Substantial evidence supports the ALJ's evaluation.

Finally, Plaintiff argues that the ALJ failed to account for the progression and fluctuation of his symptoms. (Dkt. # 7 at 8-9.) This argument is misplaced, as Dr. Pham's own report stated that Plaintiff's impairments were unlikely to fluctuate in severity. AR at 2208. Without specific evidence to the contrary, Plaintiff's generalized claims about symptom fluctuation do not undermine the ALJ's decision.

     2.  Thomas Genthe, Ph.D.

In June 2021, Dr. Genthe examined Plaintiff and rated his overall impairment as marked, with varying degrees of limitations in areas such as following instructions, making work-related decisions, maintaining attendance, adapting to changes, and completing tasks without psychological disruptions. AR at 869. The ALJ found Dr. Genthe's assessment unpersuasive, concluding it was unsupported by Dr. Genthe's own exam findings, which showed normal speech, cooperative behavior, balanced conversation, and normal thought processes. *Id.* at 29 (citing *id.* at 871-72).

Additionally, the ALJ found Dr. Genthe's opinion inconsistent with treatment notes showing Plaintiff's calm affect, linear thoughts, and fair insight and judgment. AR at 29 (citing *id.* at 2000, 2012, 2018, 2236, 2318, 2320). Plaintiff contends that the ALJ focused on generalized normal findings while ignoring other evidence supporting his claims. (Dkt. # 7 at 10.) However, Plaintiff's bare assertion that "many other records" support his claims does not meet the requirement to present contentions with specificity. *See Sekiya*, 508 F.3d at 1200.

Absent engagement with the ALJ's specific findings, Plaintiff's argument is unavailing. The Court will not "manufacture arguments where none is presented." *Indep. Towers of Wash.*, 350 F.3d at 929.

### 3. Prior Administrative Findings

Plaintiff also challenges the ALJ's decision to find the opinions of state agency medical and psychiatric consultants partially persuasive, arguing that these consultants did not have access to the entire record and did not personally examine him. (Dkt. # 7 at 10.) However, the regulations do not require that consultants review every record before an ALJ decision. *See Owen v. Saul*, 808 Fed. App'x 421, 423 (9th Cir. 2020) ("[T]here is always some time lapse between a consultant's report and the ALJ hearing and decision, and the Social Security regulations impose no limit on such a gap in time."). Moreover, under the revised regulations "there is not an inherent persuasiveness to evidence from [consultants] over [a claimant's] own medical source(s), and vice versa." Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. at 5844. While "a medical source's relationship with the claimant is still relevant when assessing the persuasiveness of the source's opinion . . . the ALJ no longer needs to make specific findings regarding [] relationship factors." *Woods*, 32 F.4th at 792.

In this case, the ALJ reasonably found that the medical consultants' opinions regarding light exertion and occasional stooping were consistent with other evidence, including examinations showing abdominal tenderness and mild to moderate lumbar imaging findings. AR at 29 (citing *id.* at 685, 905, 959, 1944). Likewise, the ALJ found that the psychiatric consultants' conclusions were consistent with Plaintiff's mood and behavior, while recognizing that some limitations warranted additional postural and environmental restrictions. *Id.* at 29 (citing *id.* at 2237, 2251). The ALJ's evaluation of these findings was reasonable and supported

by substantial evidence, and Plaintiff has not presented any arguments challenging these conclusions.

### D. The ALJ Did Not Err in Evaluating Plaintiff's Testimony

Plaintiff testified that he experienced constant pain, which made it "almost impossible" to walk without a cane and severely limited his ability to sit. AR at 491. He further described significant limitations in lifting, reaching, bending, walking more than half a block, standing, climbing stairs, completing tasks, paying attention, and concentrating. *Id.* at 496.

The ALJ discounted Plaintiff's testimony, citing inconsistencies with the overall record. AR at 25. Absent evidence of malingering, an ALJ is required to provide clear and convincing reasons for discounting a claimant's testimony. *See Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017). That said, the ALJ is not required to believe every allegation, nor to analyze testimony line by line. *See Ahearn*, 988 F.3d at 1116; *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). The relevant standard is whether the ALJ's reasoning is "clear enough that it has the power to convince." *Smartt*, 53 F.4th at 499.

Plaintiff argues that the ALJ's error in evaluating the objective medical evidence influenced the evaluation of his testimony. (Dkt. # 7 at 13-14.) However, as previously discussed, the ALJ properly assessed the medical evidence. Thus, Plaintiff's argument is unpersuasive. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

Moreover, in addressing Plaintiff's testimony, the ALJ referenced multiple medical records that contradicted Plaintiff's claims of debilitating pain. AR at 27-28. For instance, the ALJ highlighted benign physical exam findings, including mild abdominal tenderness, ease of movement, and normal gait and station. *Id.* (citing *id.* at 875, 904-05, 2069-70). The ALJ also pointed to evidence that Plaintiff could move all extremities equally, with no gross deficits, and

had normal muscle tone and strength. *Id.* The ALJ similarly found Plaintiff's mental health symptoms inconsistent with exams showing intact attention, concentration, linear thoughts, and memory. *Id.* at 28 (citing *id.* at 872, 875, 1881, 2236). These findings are unchallenged. Without more, Plaintiff's general assertion that "probative objective medical evidence" supports his testimony is insufficient to show error with the ALJ's reasoning. (Dkt. # 7 at 15.)

Next, Plaintiff contends that the ALJ failed to properly consider the efficacy of his medication. (Dkt. # 7 at 15.) Here, the ALJ found Plaintiff's testimony inconsistent with evidence showing improvement with "routine and conservative" treatment. AR at 27-28. For example, the ALJ highlighted that Plaintiff reported doing "much better mentally" due to medication and was discharged from physical therapy after meeting all of his treatment goals. *Id.* (citing *id.* at 2321, 2457). Plaintiff has not challenged any of these findings, and even if the evidence could potentially be viewed differently, the ALJ's interpretation was rational. Therefore, it must be upheld. *See Smartt*, 53 F.4th at 499.

Finally, Plaintiff asserts that the ALJ failed to "provide an explanation of how [his] limited daily activities translate into the stress of a work setting." (Dkt. # 7 at 15.) However, the ALJ did not conclude that Plaintiff's daily activities were analogous with work activities. Rather, the ALJ found Plaintiff's ability to manage his medications, perform household chores, read, play video games, manage groceries, prepare meals, and attend to his personal needs inconsistent with his allegations of debilitating physical and cognitive limitations. AR at 27-28 (citing *id.* at 865-67). Discrepancies between daily activities and testimony can be a valid basis for discounting symptom allegations. *See Farlow v. Kijakazi*, 53 F.4th 485, 489 (9th Cir. 2022). Plaintiff's challenge fails to address these findings or highlight any evidence that would undermine the ALJ's conclusions. Even if the evidence could be interpreted differently, the

ORDER - 12

ALJ's interpretation was reasonable and must be upheld. *See Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012); *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

E. **The ALJ Did Not Err in Evaluating Plaintiff's RFC**

Plaintiff argues that the ALJ's RFC assessment was flawed because it failed to incorporate all the limitations from the medical opinions and his testimony. (Dkt. # 7 at 11.) This argument is unpersuasive. The ALJ properly assessed the evidence, as previously discussed. *See Stubbs-Danielson*, 539 F.3d at 1175-76.

Plaintiff further contends that the evidence he submitted to the Appeals Council supports his claims. (Dkt. # 7 at 13-14.) "[W]hen a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1162-63 (9th Cir. 2012). The issue is whether there is a "reasonable possibility" that the new evidence would have changed the outcome of the proceedings. *See Luna v. Astrue*, 623 F.3d 1032, 1034 (9th Cir. 2010).

Plaintiff highlights three examples to challenge the ALJ's findings. (Dkt. # 7 at 13-14.) However, these examples align with the ALJ's review of the record. For example, one record indicates that Plaintiff was comfortable, moved all extremities normally, and had unremarkable neurological findings. AR at 49. Another shows that Plaintiff was not in distress and ambulated normally. *Id.* at 58. The last states that Plaintiff's medication reduced his anxiety and tension. *Id.* at 132. These findings are consistent with the ALJ's conclusion. Therefore, even considering the new evidence submitted to the Appeals Council, the ALJ's decision remains supported by substantial evidence.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

Dated this <u>29th</u> day of October, 2024.

_____
MICHELLE L. PETERSON
United States Magistrate Judge